IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JONATHAN WORK,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, STATE DISTRICT COURT JUDGE HOLLY BROWN,<br><br>    Defendants. | CV 22-72-BU-BMM<br><br><br>ORDER |

Plaintiff Jonathan Work filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 20, 2022. (Doc. 2.) Mr. Work also filed a motion to proceed *in forma pauperis*. (Doc. 1.)

Mr. Work is currently incarcerated at the Montana State Prison ("MSP"). Mr. Work's Complaint, liberally construed, alleges that certain individuals violated Mr. Work's Eighth Amendment right to be free of cruel and unusual punishment. Mr. Work indicates he intends to proceed under 42 U.S.C. § 1983 (Doc. 2 at 5), which provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

## I. Motion to Proceed in Forma Pauperis

Mr. Work seeks leave of the Court to proceed *in forma pauperis* ("IFP"). (S*ee* Doc. 1). Mr. Work has not provided a copy of his inmate account statement as required. The Court reserved ruling on Mr. Work's IFP motion in its November 2, 2022 Order. (Doc. 4.) The Court ordered Mr. Work to provide a copy of his inmate account statement for the previous six months within 40 days of its Order. (*See id*.) As of December 12, 2022, Mr. Work has not filed the required documentation to support his Motion to Proceed in Forma Pauperis.

## II. Amended Complaint

Sections 1915 and 1915A of Title 28 require the Court to dismiss a complaint that fails to state a claim upon which relief may be granted, but statutes do not deprive the Court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court determined that Mr. Work's Complaint failed to state a claim upon which relief may be granted in its November 2, 2022 Order. (Doc. 4.) The Court allowed Mr. Work to file an amended complaint within 40 days of its Order to cure the defects. (*See* Doc. 4.) The Court directed that Mr. Work provide clear and specific factual allegations to establish his claims, provide specific allegations

against each of the named Defendants, and name additional defendants. (*Id*.) Mr. Work has not filed an amended complaint as of December 12, 2022, within the 40-day timeline.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Work's motion for leave to proceed in forma pauperis (Doc. 1) is DENIED.

2. Mr. Work's Complaint (Doc. 2) is DISMISSED without prejudice.

3. The Clerk of Court is directed to enter judgment of dismissal.

DATED this 12th day of December, 2022.

_____
Brian Morris, Chief District Judge
United States District Court